UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EARL HUGHES BURGEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES DANIELS Warden, | ) | No. 2:16-cv-00424-LJM-DKL |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion to Alter or Amend the Judgment**

The Court entered Final Judgment in this action on January 24, 2017, after dismissing the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b). Presently before the Court is the plaintiff's motion for reconsideration in which he asks the Court to reconsider that decision. Given its substance, this motion shall be treated as a Rule 59(e) motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[W]hether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.").

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion for reconsideration

is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The plaintiff attempts to show that the Court made a manifest error of law. He does this by maintaining that his constitutional rights applicable to prison disciplinary proceedings were violated, for example, in that he was denied exculpatory evidence and a sufficient explanation of the basis for the decision. But the Court addressed why the plaintiff cannot challenge his disciplinary proceedings in this action on two occasions. In the Court's Screening Entry dated December 20, 2016, the Court explained:

> The plaintiff suggests he might have been denied the protection of *Wolff* because he was not present during the first disciplinary proceeding. He does not state whether or not good-time credits were lost as a result of the disciplinary proceedings at issue. But either way, his claims must be dismissed. If he did not lose good-time credits, the prison was "free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). Thus he was afforded due process and even fraudulent charges cannot violate his constitutional rights. *See Lagerstrom*, 463 F.3d at 624-25. If he did lose good-time credits, his challenges to the disciplinary proceedings are barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "when 'a judgment in favor of the plaintiff [in his civil suit] would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 484-85)). In other words, when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. Accordingly, regardless of whether good-time credits were lost, the plaintiff's claims must be dismissed.

Filing No. 9 at 2-3.

Again, if the disciplinary proceeding about which the plaintiff complains increased his term of imprisonment, he may challenge that in a habeas proceeding. If the sanctions have no yet been vacated, however, he cannot challenge it in a civil rights actions such as this one. The Court did not make a manifest error of law in concluding as much. For this reason, and the reasons set forth

in the Court's previous entries explaining why the plaintiff's claims must be dismissed, the plaintiff's motion for reconsideration [dkt. 16] is **denied**.

**IT IS SO ORDERED.**

Date: 2/23/2017

*Larry J. McKinney*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EARL H. BURGEST
53598-004
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521